IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JEFFREY-STEVEN OF THE HOUSE OF JARRETT,<br><br>Plaintiff,<br><br>vs.<br><br>TRICIA OFTANA,<br><br>Defendant. | Case No. 24-cv-00421 DKW-WRP<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AS MOOT** |

Plaintiff Jeffrey-Steven of the House of Jarrett, proceeding pro se, initiated a new action on October 11, 2023 with the filing of a "Judgment" against Defendant Tricia Oftana, appearing to seek payment of "debt" allegedly owed by Oftana, as an alleged representative of the State of Hawaiʻi Department of Taxation. Dkt. No. 1. Because the "Judgment" was not part of an ongoing case, it was filed as a miscellaneous case, and Plaintiff paid a $49 filing fee. *See* Dkt. No. 2.

On September 11, 2024, the Court issued an Order to Show Cause (OSC) why the miscellaneous case should not be dismissed for failure to prosecute after Plaintiff took no action on the same. Dkt. No. 3. On September 20, 2024, Plaintiff

filed a response to the OSC, stating, among other things, that he believed miscellaneous cases were for providing "notice[]" to defendants like Oftana. Dkt. No. 4. In light of the response and record, the Court converted the miscellaneous case to a civil case.

At the same time, the Court instructed Plaintiff to either pay the balance of the $405 civil filing fee, *i.e.*, $356 ($405 - $49), or file an application to proceed *in forma pauperis*. Dkt. No. 5. Although Plaintiff was allowed until October 9, 2024 to comply, he failed to follow either instruction. Instead, on October 7, 2024, Plaintiff filed a "response", which, liberally construed, appeared to indicate disagreement with the conversion of this case. Dkt. No. 7 at 1-2. In addition, Plaintiff stated that he planned to file a separate "Federal action" against several unidentified defendants as well as Oftana. *Id*. at 2.

Although the "response" failed to comply with the Court's clear instructions regarding the civil filing fee, because Plaintiff was proceeding without counsel, he was provided with a **second and final** opportunity to either pay the balance of the civil filing fee or file an application to proceed *in forma pauperis*. Dkt. No. 8. Plaintiff was allowed until October 25, 2024 to do so. As of the date of this Order, Plaintiff has again failed to follow either instruction. Instead, on October 24, 2024, Plaintiff filed a motion for "reassignment" and/or motion for "consolidation"

2

(which is referred to herein as the "motion"). Dkt. No. 9. Therein, Plaintiff states that, on October 10, 2024, he filed a separate federal lawsuit against various defendants, including Oftana, and that lawsuit is "identical in scope, facts and law" to the instant one. *Id*. at 2-3. Plaintiff, therefore, asks for the two cases to be "consolidate[ed]…." *Id*.

Having reviewed the motion, the filings in this case, and the docket of Plaintiff's other case, which is Case No. 24-cv-445-MWJS-KJM, the Court DENIES Plaintiff's request to consolidate the two cases.[1] This is because review of the filings in this case reflect that the same is MOOT in light of the filing of Case No. 24-cv-445. Specifically, Plaintiff's filings in this case reflect that the purpose of this proceeding was to provide "notice" to Oftana of Plaintiff's alleged grievance(s) in anticipation of Plaintiff filing a separate lawsuit against Oftana and other defendants,[2] which Plaintiff has now done with the filing of Case No. 24-cv-445. This case is, therefore, MOOT, and there is no need to consolidate it with

---

[1] Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate actions involving a common question of law or fact. A court has broad discretion in making this decision, and, in doing so, should weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

[2] Plaintiff has never explained why it was necessary for him to initiate a legal proceeding solely to provide "notice" to Oftana that Plaintiff may file a different civil action against her, which is another reason for declining to consolidate this case.

Case No. 24-cv-445 as doing so will not produce any saving of time or effort.[3]

For these reasons, this case is DISMISSED AS MOOT, and the Clerk is instructed to CLOSE the case.

IT IS SO ORDERED.

DATED: October 29, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Jeffrey-Steven of the House of Jarrett v. Tricia Oftana,* 24-cv-00421 DKW-WRP;
**ORDER DISMISSING CASE WITHOUT PREJUDICE AS MOOT**

---

[3]The Court notes that, in Case No. 24-cv-445, Plaintiff paid the $405 filing fee. Case No. 24-cv-445-MWJS-KJM, *Jeffrey-Steven of the House of Jarrett v. State of Hawaii et al.*, Dkt. No. 2. He has failed to do so in this case, however, or otherwise comply with the Court's repeated instructions in that regard, which is another reason for both declining to consolidate this case and dismissing the same.